THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


CHARLES BURTON ROBERTS HILL,     )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     1:18CV148
                                 )
RANDOLPH COUNTY SHERIFF DEPT.,   )
RANDOLPH COUNTY JAIL, and        )
SHERIFF ROBERT GRAVES,           )
                                 )
          Defendants.            )


### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Currently before this court is Defendants' motion to dismiss, (Doc. 8), Plaintiff Charles Hill's complaint alleging a violation of civil rights pursuant to 42 U.S.C. § 1983. (Complaint ("Compl.") Doc. 2.) Pro se Plaintiff is incarcerated at the Randolph County Jail and alleges that he was improperly refused medical treatment and injured during several confrontations with prison staff and other inmates. (Id. at 5.) Defendants move to dismiss these claims, arguing first that neither Defendant Randolph County Sheriff Dept. nor Defendant Randolph County Jail are entities capable of being sued. (Defs.' Br. in Supp. of Mot. to Dismiss (Doc. 9) at 4-5.) Defendants further assert that Plaintiff fails to state a claim as to Defendant Graves. (Id. at 6.) Because this court finds that

Plaintiff has failed to plead a viable claim against any named Defendant, this court with grant Defendants' motion to dismiss.

I.  **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556–57).

When ruling on a motion to dismiss, this court must accept the complaint's factual allegations as true. Iqbal, 556 U.S. at 678. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted). Despite this deferential standard, a court will not accept mere legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, [will] not suffice." Iqbal, 556 U.S. at 678.

Pro se plaintiffs are subject to a relaxed pleading standard. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that pro se complaints must be "liberally construed"); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, these plaintiffs must still plead facts that fairly put the defendant on notice of the nature of the claims and "contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 & n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555).

**II. ANALYSIS**

   **A.   Randolph County Sheriff Dept. and Randolph County Jail**

Plaintiff sues under 42 U.S.C. § 1983. (Compl. (Doc. 2) at 3.) It is well-established that 42 U.S.C. § 1983 generally permits suits only against state officials in their individual capacities, not against "States or governmental entities that are considered arms of the State." Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989). While a governmental entity may be liable under § 1983 for instituting an official policy to commit ongoing constitutional injury, "'a municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a

respondeat superior theory.'" Avery v. Burke Cty., 660 F.2d 111, 114 (4th Cir. 1981) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

Further, "[s]tate law dictates whether a governmental agency has the capacity to be sued in federal court. . . . [and] [t]here is no North Carolina statute authorizing suit against a county's sheriff's department." Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004). North Carolina federal courts have also repeatedly held that county jails are not subject to suit under § 1983. See, e.g., Tate v. Franklin, No. 1:09CV230, 2010 WL 2266995, at *1, *2 (M.D.N.C. June 3, 2010); Flores v. Henderson Cty. Det. Ctr., No. 1:07CV120-01-MU, 2007 WL 1062973, at *1 (W.D.N.C. Apr. 4, 2007).

To the extent that Plaintiff seeks to challenge an organization-wide policy of inflicting constitutional injury on prison inmates, the correct defendant is Randolph County itself. See, e.g., Monell, 436 U.S. at 694; Post v. City of Ft. Lauderdale, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (collecting cases demonstrating that the city or county itself is the proper defendant, and that a police or sheriff's department is "merely the vehicle through which the city government fulfills its policing functions"). For a § 1983 claim based on Plaintiff's individualized grievances, the proper defendant is Sheriff

Graves in his individual capacity. Plaintiff's allegations fail to state a proper § 1983 claim against either Defendant Randolph County Sheriff Dept. or Defendant Randolph County Jail. Therefore, Defendants' motion to dismiss these claims will be granted.

**B.    Sheriff Graves**

A prison official is liable under 42 U.S.C. § 1983 only when he both "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991). In other words, the prison official must have subjective knowledge of the risk of harm to a prisoner and "consciously disregard" that known risk. See Farmer, 511 U.S. at 839 (the inquiry is "focus[ed] on what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)"); see also Anderson v. Kingsley, 877 F.3d 539, 546 (4th Cir. 2017) (applying the deliberate indifference standard in the context of a § 1983 claim).

Here, Plaintiff fails to allege any facts that suggest Defendant Graves had subjective knowledge of Plaintiff's injuries or alleged mistreatment. Plaintiff does not mention any actions by Defendant Graves in either his initial complaint, (see Compl. (Doc. 2)), or in his response to Defendants' motion

to dismiss. (See Doc. 11.) In a supplemental filing, Plaintiff again fails to identify any facts suggesting that Defendant Graves had knowledge of these issues. Plaintiff instead alleges in a conclusory fashion that Graves must have known about the incidents because he "was the boss of ALL the staff of the jail and Sheriff Dept." (Doc. 13 at 1.) Such statements are insufficient to plausibly allege the requisite mens rea for a § 1983 claim. Therefore, Defendants' motion to dismiss this claim will be granted.

### III. CONCLUSION

For the foregoing reasons, this court finds that the Defendants' motion to dismiss should be granted and that all claims against the Defendants should be dismissed. The dismissal shall be without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, (Doc. 8), is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims contained in the Complaint, (Doc. 2), are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

As no further claims remain in this matter, a judgment for Defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 22nd day of February, 2019.

                              /s/ William L. Osteen, Jr.
                                United States District Judge